986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald K. DENNIS, Petitioner/Appellant,
v.
Richard CLARK and Indiana Attorney General, Respondents/Appellees.
 No. 92-1734.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 11, 1993.
 
 Before POSNER, and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 An Indiana judge convicted Ronald Dennis of possessing heroin and cocaine in violation of state law. The judge sentenced him to thirty-eight years' imprisonment after finding that he was an habitual offender. Dennis, represented by new counsel, appealed to the Indiana Court of Appeals claiming he was tried in violation of the Constitution because his trial counsel was ineffective. That court found that Dennis's trial counsel was adequate and affirmed the conviction. After his direct appeal, Dennis never sought review by the Supreme Court of Indiana. Instead he filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, in the federal district court. The district court dismissed the petition without prejudice, holding that Dennis had waived his right to claim ineffective assistance of counsel in federal court by failing to seek transfer to the highest court in the state of Indiana. He now appeals that ruling.
 
 
 2
 In this circuit "a state prisoner waives habeas review of a claim ... by failing to seek leave to present it to the highest state court, having taken a direct appeal." Nutall v. Greer, 764 F.2d 462, 465 (7th Cir.1985). Having waived a claim in this fashion, a petitioner may resurrect it only by showing cause for the procedural lapse and prejudice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). In his reply brief Dennis argued that ineffective assistance of appellate counsel caused his failure to seek transfer to the Indiana Supreme Court. Dennis failed to raise this argument before the district court, and he never raised it in this court until his reply brief in violation of Federal Rule of Appellate Procedure 28(a). Artis v. Hitachi Zosen Clearing, Inc., 967 F.2d 1132, 1143 (7th Cir.1992). This claim, moreover, must be brought to the Indiana courts before this court will review it. Rose v. Lundy, 455 U.S. 509 (1982). Because he did not argue any other cause for his procedural lapse, we AFFIRM the order of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R.34(f). No such statement having been filed, the appeal has been submitted on the briefs